**William SHANKLE, Plaintiff,**

v.

**DRG FINANCIAL CORPORATION, Defendant.**

Civ. A. No. 88–3262.

United States District Court, District of Columbia.

Dec. 13, 1989.

Yvonne Gilmore and Ted J. Williams, Mitchellville, Md., for plaintiff.

Linda A. Madrid and William C. Casano, Colton and Boykin, Washington, D.C., for defendant.

## MEMORANDUM OPINION

SPORKIN, District Judge.

This case involves an action for wrongful termination and breach of contract. Plaintiff alleges that his former employer, defendant DRG Financial Corporation ("DRG"), wrongfully discharged him and in the process violated the procedures for employment termination specified in DRG's personnel manual, thereby breaching the contract created between plaintiff and DRG by virtue of the personnel manual. Presently before the Court is defendant's Motion for Summary Judgment.

*Factual Background*

Plaintiff was hired by DRG as a building maintenance employee on October 1, 1985, at a salary of $12,000 per year. On April 1, 1986, plaintiff's salary was raised to $15,000 per year. At some point during the Spring, 1987, plaintiff was promoted to Office Manager and his salary raised to $20,000 per year. Although there is some dispute as to when plaintiff assumed his new position and what his responsibilities as Office Manager were, both parties agree that the new job involved additional duties.

Defendant contends that plaintiff's work began to decline after his promotion and continued to deteriorate despite repeated warnings. Plaintiff disputes both that his work deteriorated and that he received any warnings concerning his allegedly deficient performance. In any case, on November 6, 1987, plaintiff's supervisor sent a memorandum to a member of DRG's Executive Committee recommending that plaintiff be discharged for unsatisfactory work performance. After being notified that plaintiff's discharge had been approved by the Executive Committee, plaintiff's supervisor met with him on November 10, 1987, and informed him of DRG's decision to discharge him for unsatisfactory work performance.

On November 10, 1988, plaintiff filed suit against defendant DRG alleging wrongful

termination. On February 2, 1989, plaintiff amended his Complaint to include a breach of contract claim.

*Discussion*

Summary judgment may be granted only if "there is no issue of material fact ... and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.Pro. 56(c). In reviewing a motion for summary judgment, the court must consider the pleadings, related documents and evidence in a light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). There are no triable issues, however, "unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

■ The Court first turns to plaintiff's claim of breach of contract. Under the law of the District of Columbia, the mutual promise to employ and serve creates a contract terminable "at will" by either party. *Sullivan v. Heritage Foundation*, 399 A.2d 856 (D.C.1979). Unless the parties agree to enter into a contract for a fixed duration, or a written contract for permanent employment, the employment will be regarded as terminable at will. *Id.* at 860. Plaintiff concedes that he had no written contract of employment with DRG and that he was given no oral assurances that he was hired for any specific duration. Rather, plaintiff claims that after beginning employment at DRG he obtained a copy of the DRG Personnel manual and that, therefore, the provisions of the manual formed con-

**1.** Plaintiff alleges that defendant is estopped from asserting that the DRG personnel manual did not confer contractual rights on the company's employees because defendant conceded at oral argument that the personnel manual conferred contractual rights on plaintiff. *See* Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment at 14. The only concession made at oral argument, however, was that *if* the DRG manual conferred certain rights then all DRG employees would be entitled to those rights. *See* Transcript of June 7, 1989

tractual obligations on the part of DRG.[1] Thus, plaintiff's breach of contract claim rests on the allegation that DRG's manual constituted an employment contract thereby converting plaintiff from an "at will" employee to a "permanent employee."

■ In order to overcome the presumption of "at will" employment, plaintiff must demonstrate that both parties intended employment to be for a fixed period. *Sullivan, supra.* Plaintiff has failed to demonstrate in any way that DRG intended to alter plaintiff's "at will" employment status. The presumption of terminable-at-will employment can be rebutted only by a clear statement of the parties' intention to do so. *Minihan v. American Pharmaceutical Ass'n*, 812 F.2d 726, 728 (D.C.Cir. 1987). Plaintiff has not introduced such evidence in this case.

■ First, even a cursory reading of DRG's manual makes clear that it was never intended to confer any contractual rights on DRG's employees. For example, the disciplinary procedures outlined in the manual, which enumerate escalating disciplinary action up to and including termination for cause, are discretionary rather than mandatory. Indeed the manual expressly states that:

> The Company reserves the right to amend these Rules of Conduct as it sees fit. Each supervisor or department head is granted the privilege of utilizing the violations procedures at any step, depending on the seriousness of the offense.

DRG Personnel Manual at 14. Defendant's Exhibit 18. Thus, DRG's personnel manual provides company officials the discretion to terminate an employee without any need for formal procedures.[2]

Motion Hearing at 17. It is undisputed that DRG did not provide plaintiff with a copy of its personnel manual as part of his employment package when he began work.

**2.** The Court also notes that despite plaintiff's assertions to the contrary, the DRG manual clearly states that an employee may be returned to probationary status at any time. *See* DRG Personnel Manual at 8. Defendant's Exhibit 18.

Moreover, the termination procedures outlined in the manual are not designed to confer any procedural rights on the company's employees, but rather to provide direction to supervisors and protect defendant from unwarranted claims. The manual states that managers are to file a report following any termination explaining whether the discharge was for cause or for unsatisfactory work "with a complete explanation to permit the Company to contest unwarranted unemployment claims." DRG Personnel Manual at 16. Defendant's Exhibit 18. The language of the personnel manual and its express disclaimers belie plaintiff's contention that it creates contractual obligations on the part of defendant.

Second, plaintiff's attempt to overcome the "at will" doctrine by asserting that statements by DRG employees and the DRG personnel manual that he obtained after accepting employment created a contractual obligation of permanent employment fails as a matter of law. The claim that an "at will" contract can mature through expectancy to a "for cause" contract is fallacious. See e.g., Fleming v. AT & T Information Services, Inc., 878 F.2d 1472, 1474 (D.C.Cir.1989), Smith v. Chamber of Commerce of United States, 645 F.Supp. 604, 611 (D.D.C.1986). As the Court of Appeals recently stated, "evidence of [plaintiff's] subjective belief in the permanence of his employment does not create a material issue as to whether he and [his employer] *together* agreed to lifetime employment." *Minihan, supra* at 728. In this jurisdiction, "[m]ore than conclusive allegations in the pleadings or [plaintiff's] belief in the permanence of employment are necessary to raise a material issue of genuine fact precluding the grant of summary judgment." *Sullivan, supra* at 859.

Therefore, the Court finds that plaintiff was an "at will" employee and has thus failed to offer proof of an essential element of his breach of contract claim. Moreover, plaintiff has also failed to establish an essential element of his wrongful termination claim. This jurisdiction does not recognize a tort of wrongful discharge

for "at will" employees. *See Ivy v. Army Times Publishing Co.*, No. 8018–77, *petition for reh'g en banc denied*, 428 A.2d 831 (D.C.1981) (en banc). Moreover, D.C. law does not recognize a public policy exception to the at will termination doctrine. *Hall v. Ford*, 856 F.2d 255, 267 (D.C.Cir. 1988). As discussed above, plaintiff has failed to establish that he was anything other than an "at will" employee. Thus, defendant is entitled to judgment as a matter of law on the wrongful discharge claim.

The instant case is properly disposed of by summary judgment because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Cartrett*, 477 U.S. 317, 322–323, 106 S.Ct. 2548, 2552–2553, 91 L.Ed.2d 265 (1986). For the reasons set forth above, defendant is entitled to judgment as a matter of law. Accordingly, the Court grants defendant's motion for summary judgment in its entirety.